IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Miranda Amos, individually and as parent and natural guardian of K.A. a minor, and Justin Amos<br><br>Plaintiffs,<br><br>vs.<br><br>Donald Ray Poole and Donald Poole LLC,<br><br>Defendants. | Case No.: 3:23-cv-00748-MGL<br><br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiffs, Miranda Amos, individually and as parent and natural guardian of K.A. a minor (hereinafter styled "Mrs. Amos") and Justin Amos (hereinafter styled "Mr. Amos"), bring this Complaint against Donald Ray Poole (hereinafter styled "Defendant Poole") and Donald Poole LLC (hereinafter styled "Defendant Poole LLC") and (hereinafter, collectively, "Defendants") based upon the allegations set forth below:

**FACTS, PARTIES, JURISDICTION, & VENUE**

1. Plaintiffs are citizens and residents of the state of South Carolina.

2. At all times relevant to this action Defendant Poole was a citizen and resident of the state of North Carolina.

3. At all times relevant to this action, Defendant Poole LLC was a corporation organized and existing under the laws of the State of North Carolina with its principal office in Albemarle, North Carolina.

4. Because Plaintiffs are citizens and residents of South Carolina, Defendant Poole is a resident of the state of North Carolina, and Defendant Poole LLC is organized and existing under the laws of the North Carolina, with its principal place of business in North Carolina, there is complete diversity of the parties.

5. This controversy stems from a wreck caused by Defendant Poole who was driving a commercial tractor trailer on Highway 903 in Kershaw County on December 23, 2021, as an agent of Defendant Poole LLC.

6. Defendant Poole attempted to make a left turn as he was being legally passed by Mrs. Amos on the left side of his vehicle, striking Mrs. Amos's vehicle and causing the vehicle to run off the road and into an embankment.

7. As a result of the crash, Plaintiffs sustained severe personal injuries.

8. The collision occurred in Kershaw County, South Carolina.

9. Defendant Poole was acting as an agent of Defendant Poole LLC at the time of the collision and Defendant Poole LLC is therefore liable for his actions under the doctrine of respondeat superior.

10. Defendants are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

11. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiffs sustained past, present, and future damages, including but not limited to:

   a. expenses for medical services, past and present;
   b. lost enjoyment of life;
   c. physical pain and suffering;
   d. mental anguish; and

  e. such other particulars as may be found through discovery or trial.

12. Because of the traumatizing nature of the wreck and the grievous nature of the physical and emotional injuries sustained by Plaintiffs, the amount in controversy exceeds $75,000.00.

13. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

14. This Court also has personal jurisdiction over Defendants because Defendant Poole LLC is in the business of freight hauling and the company and its agents use the interstates and highways of the state of South Carolina to conduct Defendant Poole LLC's business.

15. By using the interstates and highways of the state of South Carolina, Defendants have purposely availed themselves of the privileges and benefits of conducting commercial activity in the state of South Carolina.

16. Venue is proper in this Court because the collision between Defendants' commercial truck and Plaintiffs' vehicle occurred in Kershaw County, South Carolina.

### FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness/Negligence *Per Se*)

17. Plaintiffs incorporate all allegations of the preceding paragraphs into this cause of action.

18. Defendant Poole was negligent, careless, reckless, negligent *per se*, and/or grossly negligent in at least one of the following ways:

  a. choosing not to keep his vehicle under proper control;

  b. choosing not to keep a proper lookout;

  c. choosing to drive distracted;

  d. choosing to operate the vehicle aggressively;

  e. choosing to improperly change lanes;

    f. choosing to violate state and federal laws and regulations;

    g. choosing to violate applicable South Carolina traffic statutes;

    h. choosing not to use the degree of care and caution that a reasonably prudent commercial truck driver would use under the circumstances; and

    i. in such other particulars that may be found through discovery or trial.

19. Defendant Poole LLC is liable for the acts and/or omissions of Defendant Poole under the doctrine of respondeat superior.

20. Defendant Poole LLC was negligent, careless, reckless and/or grossly negligent in at least one of the following ways:

    a. choosing not to adequately train personnel;

    b. choosing to retain unqualified, unsafe personnel;

    c. choosing to violate federal and/or state regulations related to the operation of commercial motor vehicles;

    d. choosing to allow employees, agents, and/or servants to operate commercial motor vehicles despite knowledge of their inability to safely do so; and

    e. in such other particulars as may be found thorough discovery or trial.

21. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiffs sustained serious damages, outlined in this Complaint and incorporated into this cause of action.

**SECOND CAUSE OF ACTION**
**(Negligence Per Se Based on S.C. Code Ann. § 56-5-2150)**

22. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

23. Defendant Poole, as a driver of a motor vehicle, had a statutory duty under S.C. Code Ann. §56-5-2150 not to move right or left upon a roadway until such movement can be made with reasonable safety.

24. Defendant Poole, as a driver of a vehicle on the highway, had a statutory duty under S.C. Code Ann. §56-5-2150 to signal his intentions to change lanes and not do so until the movement could be made with reasonable safety.

25. Defendant Poole breached those duties on December 23, 2021, when he chose to change lanes and collide with Mrs. Amos's vehicle.

26. S.C. Code Ann. §56-5-2150 is intended to protect people like the Plaintiffs from the type of harm suffered as a result of the collision.

27. Defendant Poole's breach of these statutory duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

28. Defendant Poole LLC is liable for the acts and/or omissions of Defendant Poole under the doctrine of respondeat superior.

## THIRD CAUSE OF ACTION
### (Negligence Per Se Based on S.C. Code Ann. § 56-5-1900)

29. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

30. Defendant Poole, as a driver of a motor vehicle on a highway, had a statutory duty under section S.C. Code Ann. §56-5-1900 to not change lanes until ascertaining that the movement can be made safely, at the times relevant to this Complaint.

31. Defendant Poole breached that duty on December 23, 2021, when he failed to show due regard for Ms. Amos's vehicle, causing him to collide with Mrs. Amos's vehicle and forcing it off the road.

32. S.C. Code Ann. §56-5-1900 is intended to protect people like the Plaintiffs from the type of harm suffered as a result of the collision.

33. Defendant Poole's breach of these statutory duties caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

34. Defendant Poole LLC is liable for the acts and/or omissions of Defendant Poole under the doctrine of respondeat superior.

**FOURTH CAUSE OF ACTION**
**(Negligence Per Se Based on S.C. Code Ann. §56-5-2920)**

35. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

36. Defendant Poole, as a driver of a motor vehicle on a highway, had a statutory S.C. Code Ann. §56-5-2920 to not drive his vehicle with willful disregard for the safety or property of others.

37. Defendant Poole's breach of the duty imposed upon him by S.C. Code Ann. §56-5-2920 caused him to collide with Mrs. Amos's vehicle.

38. S.C. Code Ann. §56-5-2920 is intended to protect people like the Plaintiffs from harm suffered as a result of the collision.

39. Defendant Poole's breach of this statutory duty caused Plaintiffs to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

40. Defendant Poole LLC is liable for the acts and/or omissions of Defendant Poole under the doctrine of respondeat superior.

41. Plaintiff is entitled to a judgment against the Defendants for the above- mentioned actual damages, and for punitive damages based on the statutory violations and Defendants' recklessness, in the amount to be determined by the jury.

WHEREFORE, Plaintiffs pray as follows: (a) that the Plaintiffs recover a judgment against the Defendants in the amount sufficient to compensate for their actual damages; (b) that the Plaintiffs recover a judgment for an amount of punitive damages as authorized by law; (c) that the Plaintiffs recover all costs associated with this action; and (d) that the Plaintiffs recover such other relief as the Court may deem just and proper.

Respectfully submitted,

**LAW OFFICE OF KENNETH E. BERGER, LLC**

s/ *Janek C. Kazmierski*
Janek C. Kazmierski | janek@bergerlawsc.com
(Federal ID # 12876
Bradley L. Lanford | blanford@bergerlawsc.com
(Federal ID # 9371)
Kenneth E. Berger | kberger@bergerlawsc.com
(Federal ID # 11083)
Law Office of Kenneth E. Berger, LLC
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800
Fax: (803) 790-2870

Attorneys for the Plaintiff

February 24, 2023
Columbia, South Carolina